IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Parrish Connally,<br><br>Plaintiff,<br><br>v.<br><br>Tony E. Meink, Secretary of the Air Force,<br><br>Defendant. | Civil Action No. 2:26-cv-00007-BHH<br><br>**ORDER** |

This matter is before the Court on Plaintiff Parrish Connally's ("Plaintiff") *pro se* complaint against Defendant Tony E. Meink, Secretary of the Air Force ("Defendant"), wherein Plaintiff alleges claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Religious Freedom Restoration Act of 1993 ("RFRA"), and the United States Constitution. (ECF Nos. 1, 1-1.) Currently pending before the Court is Plaintiff's motion for temporary restraining order ("TRO") and preliminary injunction, wherein he seeks preliminary injunctive relief "enjoining Defendant from requiring Plaintiff to report [to work in person]," allowing Plaintiff to telework or receive paid administrative leave, directing Defendant to reassign supervisory responsibility for Plaintiff's position "to a neutral manager," and ordering Defendant to reassign Plaintiff to a different position and retroactively convert Plaintiff's leave without pay status to administrative leave or telework." (ECF No. 4 at 3-4.) Plaintiff filed a supplemental memorandum in support of his motion; Defendant filed a response in opposition to the motion; and Plaintiff filed a reply. (ECF Nos. 5, 31, 32.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 22, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion because Plaintiff failed to demonstrate that he entitled to the extraordinary remedy of preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (ECF No. 50 at 5-9 (evaluating the *Winter* factors).)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections to the Report on August 7, 2026, and, after being granted an extension of time, Defendant filed a reply to Plaintiff's objections on August 27, 2026. (ECF Nos. 54, 59.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

As the Magistrate Judge explained in the Report, a preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be

applied only in the limited circumstances which clearly demand it."[1] *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

A party seeking a preliminary injunction must make a clear showing that "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Alkebulanyahh v. Nettles*, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) ("*Winter* thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted). All four *Winter* elements must be satisfied for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

After liberally construing Plaintiff's filings, the Magistrate Judge found no basis to grant Plaintiff's request for preliminary injunctive relief. First, the Magistrate Judge found that Plaintiff failed to show that he is likely to succeed on the merits, noting, *inter alia*, that

[1] As the Magistrate Judge also noted, because Defendant was notified of Plaintiff's motion and filed a response, the Court construes Plaintiff's motion as one for a preliminary injunction. As a practical matter, however, the Court notes that the substantive standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction.

federal employees are required to exhaust their administrative remedies before filing suit under Title VII in federal court. (ECF No. 50 at 5-6.) Additionally, the Magistrate Judge found that Plaintiff's reliance on his own allegations to show a likelihood of success is insufficient to satisfy the first *Winter* factor. (*Id.* at 6.)

Next, the Magistrate Judge found that Plaintiff failed to show that he will suffer irreparable harm if the Court does not grant his motion, noting that Plaintiff has provided only speculation regarding his potential to suffer further harm. (*Id.* at 7.) In addition, the Magistrate Judge found that the balance of hardships and the public interest considerations do not favor Plaintiff.

Lastly, the Magistrate Judge noted that certain of Plaintiff's requests for injunctive relief would alter the status quo, and the Magistrate Judge concluded that Plaintiff simply cannot show that such mandatory injunctive relief is warranted under the circumstances. (*Id.* at 8.)

In his objections to the Report, Plaintiff first asserts that the Magistrate Judge erred in her irreparable harm analysis by classifying the injury as economic without addressing the deprivation of his right to religious exercise. (ECF No. 54 at 2.) According to Plaintiff, the deprivation of his First Amendment rights is an irreparable injury as a matter of law, citing *Elrod v. Burns*, 427 U.S. 347 (1976). (*Id.* at 3.) To that end, Plaintiff asserts that "[t]he deprivation the R&R was required to analyze is therefore not lost access to an observance, and not the withheld wages standing alone; it is the coerced choice between religious practice and compensation, imposed by default to the most restrictive option on OPM's own enumerated list of accommodation alternatives [ ], without the undue-hardship analysis." (*Id.* at 4-5.)

Next, Plaintiff objects to the Magistrate Judge's finding that certain of the alleged potential harm to Plaintiff appears moot. (*Id.* at 6.) According to Plaintiff, his removal from employment did not moot the motion and is actually the reason that relief is necessary. (*Id.* at 6-7.) Additionally, Plaintiff asserts that the challenged action is capable of repetition, yet evading review, insofar as he seeks restoration to his employment. (*Id.* at 8.)

As to the Magistrate Judge's finding that Plaintiff has not shown a likelihood of success on the merits, Plaintiff objects that he has presented more than his own allegations and has produced the agency's own documents to support his claims. (*Id.* at 8-9.) Additionally, Plaintiff asserts that the Magistrate Judge failed to address the arguments he raised in his supplemental declaration and reply, and he asks the Court to consider the entire record. (*Id.* at 10.)

In addition, Plaintiff objects to the Magistrate Judge's statement that it is unclear from the record whether Plaintiff properly exhausted his remedies, and Plaintiff argues that uncertainty about exhaustion is not a jurisdictional issue. (*Id.* at 11.) As a final objection, Plaintiff asserts that the Magistrate Judge's analysis of the balance-of-hardships and public-interest factors rests on her flawed likelihood-of-success analysis, and Plaintiff asserts that the Magistrate Judge otherwise mis-characterized the relief he requests as "mandatory." (*Id.* at 12-13.)

Here, after a careful, *de novo* review of the entire record, the Court finds Plaintiff's objections wholly unavailing, and the Court finds that the Magistrate Judge appropriately summarized the facts and applied the correct principles of law. In short, the Court fully agrees with the Magistrate Judge that Plaintiff has failed to make a clear showing of any of the four *Winter* factors to warrant the extraordinary remedy of preliminary injunctive

relief, and the Court finds that nothing in Plaintiff's objections alters this conclusion.

First, the Court fully agrees with the Magistrate Judge that Plaintiff has failed to make a clear showing of a likelihood of success on the merits based on the record before the Court at this stage; as the Magistrate Judge noted, it is unclear if Plaintiff properly exhausted his administrative remedies, and, on top of that, the record contains disputed facts. Likewise, the Court agrees with the Magistrate Judge that Plaintiff has failed to make a clear showing that he will suffer irreparable harm if the Court does not grant his motion, and the Court disagrees with Plaintiff that the Magistrate Judge improperly classified Plaintiff's alleged injuries. At this point, the Court notes that it need not go further in its analysis, as Plaintiff's failure to satisfy the first two elements of *Winter* dooms his motion; nevertheless, the Court also notes that, as to the third and fourth *Winter* factors, the Court fully agrees with the Magistrate Judge both that the balance of equity does not tip in Plaintiff's favor and that preliminary injunctive relief is not in the public interest, as Plaintiff's exercise of religious freedom via telework or leave without pay simply has little to no impact on the public interest. In all, therefore, the Court finds that Plaintiff has not shown that a preliminary injunction is warranted under the circumstances.

## CONCLUSION

After *de novo* review, the Court fully agrees with the Magistrate Judge's analysis, and the Court finds Plaintiff's objections unavailing. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 50); the Court overrules Plaintiff's objections (ECF No. 54); and the Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 4).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 2, 2026
Charleston, South Carolina